```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GOVERNMENT EMPLOYEES INSURANCE            :
CO., GEICO INDEMNITY CO., GEICO           :
GENERAL INSURANCE COMPANY and             :
GEICO CASUALTY CO.,                       :         ORDER
                                          :
              Plaintiffs,                 :    19 Civ. 5570 (ENV) (VMS)
                                          :
      -against-                           :
                                          :
AXIAL CHIROPRACTIC P.C., AXIAL            :
CHIROPRACTIC P.C., ACTION                 :
CHIROPRACTIC P.C., ACTION                 :
CHIROPRACTIC P.C., BRUCE BROMBERG,        :
D.C., LEFCORT MUA CHIROPRACTIC, P.C.,     :
GLENN ROSENBERG, D.C., P.C., d/b/a        :
SOUTH SHORE SPINAL CARE, GLENN            :
ROSENBERG, D.C., DAVID MARCUS COTY,       :
D.C., ROBERT LUCA, D.C., ARCHER IRBY,     :
D.C., and LAWRENCE LEFCORT, D.C.,         :
                                          :
              Defendants.                 :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "Plaintiffs") bring this action alleging that Defendants Axial Chiropractic P.C., Axial Chiropractic P.C., Action Chiropractic P.C., Action Chiropractic P.C., Bruce Bromberg, D.C., Lefcort MUA Chiropractic, P.C., Glenn Rosenberg, D.C., P.C., d/b/a South Shore Spinal Care, Glenn Rosenberg, D.C., David Marcus Coty, D.C., Robert Luca, D.C., Archer Irby, D.C., and Lawrence Lefcort, D.C. (collectively "Defendants") are medical entities and professionals performing chiropractic services in New York and New Jersey and have submitted thousands of fraudulent no-fault insurance claims to Plaintiffs. See Compl., ECF No. 1, passim. Plaintiffs claim that Defendants' practices amount to common law fraud and violate various civil

provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and the New Jersey Insurance Fraud Prevention Act, N.J. Stat. Ann. 17:33A-1 et seq. See id. Before the Court is Plaintiffs' motion for leave to file their Proposed Amended Complaint ("PAC"). See ECF No. 72. Plaintiffs' motion is made on consent except for with respect to Defendants Lefcort MUA Chiropractic, P.C., and Lawrence Lefcort, D.C. (hereinafter "Lefcort Defendants"), who opposed. See ECF No. 76; ECF No. 85. Plaintiffs replied. See ECF No. 84; Dkt. Entry 3/9/2021; ECF No. 86; see also ECF No. 85. For the following reasons, Plaintiffs' motion for leave to amend is granted. See ECF No. 72.

Leave to amend should be freely granted unless there is a good reason for denying it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party. See Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002). Based on a review of all submissions and proceedings, the Court does not find bad faith, undue delay or undue prejudice. There have only been three motions to extend discovery in this action (one on consent, one a joint request and one opposed, see ECF Nos. 63, 71, 74), and the current deadlines for fact and expert discovery are August 31, 2021, and January 31, 2022, respectively. See Dkt. Entry 5/12/2021. Any further modest extension of the schedule that may be necessary to allow discovery pertaining to new allegations is insufficient justification to deny a motion to amend as prejudicial to Lefcort Defendants. Although Lefcort Defendants argue that Plaintiffs' motion is meant to punish them after disappointing settlement discussions based on discovery to date, Plaintiffs credibly offer the alternative explanation that the proposed amendment seeks to add factual allegations about Lefcort Defendants' scheme about which they were not originally aware, i.e., fraudulent self referrals.

The party opposing a motion to amend has the burden of establishing futility. See Amaya

v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012). Lefcort Defendants have not met this burden here.

First, Lefcort Defendants argue that res judicata and its component doctrine collateral estoppel render Plaintiffs' proposed amendment futile because Lefcort Defendants have obtained no-fault reimbursements during arbitrations while this RICO action is pending. See ECF No. 76. "Res judicata and collateral estoppel are ordinarily pled as affirmative defenses and thus neither will typically serve as the basis for a pre-answer motion to dismiss." Magi XXI, Inc. v. Stato Della Cita Del Vaticano, 22 F. Supp. 3d 195, 201 (E.D.N.Y. 2014); see Ryan v. NY Telephone Co., 62 N.Y.2d 494, 501 (N.Y. 1984) (finding res judicata/collateral estoppel to be fact-intensive and multi-factor inquiries to determine whether the initial proceeding provided the parties a "full and fair opportunity" to litigate claims at issue). In addition, courts have held that pleading-stage determination of these questions is premature in this context because even if defendants obtain other no-fault reimbursements in arbitrations while a RICO action is pending, there is still a path for plaintiffs to "recover those payments should they prevail on their RICO claim." Allstate Ins. Co. v. Harvey Family Chiropractic, 677 F. App'x 716, 718 (2d Cir. 2017) (summary order); see Allstate Ins. Co. v. Elzanaty, 916 F. Supp. 2d 273, 299 (E.D.N.Y. 2013) (finding the defendants' res judicata and collateral estoppel arguments about no-fault arbitrations premature when made on the pleadings, and denying the defendants' motion to dismiss the plaintiffs' RICO insurance fraud claims on that basis); State Farm Mut. Aut. Ins. Co. v. Grafman, 655 F. Supp. 2d 212, 231 (E.D.N.Y. 2009) (stating that "[a]ny arguments by defendants [about res judicata or collateral estoppel] as to specific invoices submitted to plaintiff, are premature" when made on the pleadings without evidence in the public record for proper consideration); see also Allstate Ins. Co. v. Mun, 751 F.3d 94, 99 (2d Cir. 2014) (noting that "New York's arbitration process for no-

fault coverage is an expedited, simplified affair meant to work as quickly and efficiently as possible[]" and with discovery that is "limited or non-existent[,]" such that "[c]omplex fraud and RICO claims, maturing years after the initial claimants were fully reimbursed, cannot be shoehorned into this system[]"); State Farm Mut. Auto. Ins. Co. v. Parisien, 352 F. Supp. 3d 215, 299 (E.D.N.Y. 2018) ("Facially legitimate treatments may be provided with little variance across multiple patients, but it is only by analyzing the claims as a whole that the irresistible inference arises that the treatments are not being provided on the basis of medical necessity."); id. ("[I]t is only through this tapestry of facts that the alleged fraud comes into focus[.]"); Gov't Emps. Ins. Co. v. Mayzenberg, No. 17 Civ. 2802 (ILG), 2018 WL 6031156, at *6 (E.D.N.Y. Nov. 16, 2018) (noting that, in no-fault arbitrations, "discovery is limited or non-existent and the insurance companies are essentially defenseless").

Second, Lefcort Defendants argue that Plaintiffs' proposed addition of two new defendants who were allegedly involved does not arise out of the same set of facts as Plaintiffs' operative allegations. See ECF No. 76. The Court disagrees. Plaintiffs' theory that the new defendants referred patients to Lefcort Defendants for unnecessary evaluations and treatment at a newly discovered practice is a variation on the original theme of Plaintiffs' claims against the Lefcort Defendants' abuse of no-fault laws. See, e.g., State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 149 (E.D.N.Y. 2007). The Court finds Lefcort Defendants' argument based on supplemental authority inapposite, see ECF No. 87; in the case cited by Lefcort Defendants, the court did not find a logical connection between the parties proposed to be joined beyond the fact that they, like existing defendants, allegedly committed insurance fraud, see Allstate Ins. Co. v. Bathurov, No. 21 Civ. 2967 (BMC), Order dated June 12, 2021. Here, in contrast, the proposed addition of two new defendants is accompanied by allegations

that they were part of Lefcort Defendants' fraud scheme which demonstrates a logical relationship between the claims such that judicial economy and fairness dictate that all issues be resolved together.

In light of the foregoing, the Court finds cause to grant Plaintiffs' motion at ECF No. 72 for leave to file their PAC. Although deemed filed as of the date of Plaintiffs' motion, on or before July 16, 2021, Plaintiffs should refile the PAC on the docket. Within 30 days of that date, Plaintiffs shall serve the PAC, this Order and the docket upon any new defendants and file proof of such service on the docket. Within 30 days of Plaintiffs' service, all Defendants must answer or otherwise respond.

Dated: Brooklyn, New York
July 5, 2021

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge