

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

July 7, 2021

**VIA ECF**

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Government Employees Insurance Co., et al. v. Axial Chiropractic P.C., et al.*
     Docket No.: 1:19-cv-05570-ENV-VMS

Dear Judge Scanlon:

We represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. ("Plaintiffs" or "GEICO") in the above-referenced matter. On behalf of the Plaintiffs, we respectfully submit this letter motion to request an Order, pursuant to F.R.C.P. 65 and the Court's inherent power: (i) staying all pending no-fault insurance collection arbitrations that have been commenced against GEICO by or on behalf of Defendants Bayside Physical Therapy, Chiropractic, & Acupuncture, P.L.L.C. ("Bayside") and Kyung Hee Yoo, P.T., L.Ac. ("Yoo"), pending the disposition of GEICO's claims in this action; and (ii) enjoining Bayside and Yoo, and anyone acting or purporting to act on their behalf, from commencing any further no-fault insurance collection arbitrations or litigation against GEICO, pending the disposition of GEICO's claims in this action.[1]

There is good cause for this motion. As an initial matter, it is worthwhile to note that the Court *already* has granted GEICO *identical* relief with respect to all of the Defendants in this case besides Bayside and Yoo. See Docket No. 56, and July 29, 2020 Order (staying and enjoining the other Defendants'

---

[1] Plaintiffs respectfully submit this letter motion to Your Honor's attention because the Court's Individual Practice Rules specify that "[a]s a general matter, all non-dispositive pretrial motions are to be made to Magistrate Judge Scanlon." Judge Vitaliano's Individual Motion Practice and Rules likewise specify that non-dispositive pretrial motions should be made to the Magistrate Judge. In addition, Plaintiffs note that -- in their previous motion to stay the other Defendants' no-fault collections proceedings -- Magistrate Judge Steven M. Gold issued a sua sponte Report and Recommendation (see Docket No. 56) before Judge Vitaliano adopted the Report and Recommendation and granted the motion (see July 29, 2020 Order).

66 South Pearl Street, 11th Floor  25 Main Street  477 Madison Avenue  2649 South Road
Albany, NY 12207-1533  Court Plaza North, Suite 501  New York, NY 10022-5843  Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199  Hackensack, NJ 07601-7082  T 212.455.9555 F 212.687.9044  T 845.473.8100 F 845.473.8777
    T 201.287.2460 F 201.489.0495

Honorable Vera M. Scanlon
July 12, 2021
Page 2

no-fault collections proceedings pending the disposition of GEICO's claims in this insurance fraud and racketeering action). Now that GEICO has filed its Amended Complaint adding Bayside and Yoo as Defendants, and credibly alleging that Bayside and Yoo's own no-fault billing also is fraudulent and unlawful (see Docket No. 90), GEICO seeks an identical stay and injunction with respect to Bayside and Yoo's collections proceedings.

Specifically, in its Amended Complaint in this action, GEICO very plausibly alleges – among other things – that all of the no-fault insurance billing that Bayside, Yoo, and their co-Defendant Lawrence Lefcort, D.C. ("Lefcort") submitted through Bayside to GEICO fraudulently misrepresented that Bayside was in compliance with relevant laws and regulations governing healthcare practice, and was eligible for no-fault reimbursement in the first instance. In fact, Bayside was not in compliance with the relevant laws and regulations, and was not eligible for no-fault reimbursement because: (i) Bayside, Yoo, Lefcort, and their co-Defendant Lefcort MUA Chiropractic, P.C. ("Lefcort MUA") were engaged in an unlawful referral scheme; and (ii) the no-fault insurance charges that Bayside, Yoo, Lefcort, and Lefcort MUA submitted through Bayside and Lefcort MUA to GEICO fraudulently misrepresented the nature, extent, results, and medical necessity of the underlying, purported "healthcare services". See Docket No. 90, ¶¶ 361-362, and passim. Based on these allegations, among others, GEICO seeks to recover the more than $1,600,000.00 it already has paid on the fraudulent and unlawful billing that Bayside, Yoo, and Lefcort submitted through Bayside. In addition, GEICO seeks a declaratory judgment that it does not have to pay any of the outstanding and unpaid billing submitted through Bayside, because of the fraudulent and unlawful activities described in the Amended Complaint.

Because Bayside, Yoo, and Lefcort know that they face better odds of recovering on their fraudulent and unlawful no-fault claims if each bill is reviewed in isolation, in a setting that permits no real discovery, Bayside, Yoo, and Lefcort routinely file no-fault arbitration collection proceedings whenever GEICO denies or otherwise disputes payment of Bayside's no-fault bills. These arbitrations often seek reimbursement of a single bill for a single date of service. At present, Bayside, Yoo, and Lefcort are prosecuting at least 79 of these individual collections arbitrations, in which Bayside is seeking to collect more than $150,000.00 in additional no-fault insurance benefits from GEICO. In other words, Bayside, Lefcort, and Yoo are actively prosecuting a large number of individual collections arbitrations in an attempt to collect on the same no-fault insurance billing that GEICO credibly alleges to be fraudulent and unlawful in this federal insurance fraud and racketeering action. See Declaration of Kathleen Asmus, submitted herewith.

Accordingly, GEICO respectfully requests that the Court stay these collections arbitrations, and enjoin the commencement of any new collections proceedings, pending the disposition of GEICO's claims in this insurance fraud and RICO action. Logically, Bayside, Yoo, and Lefcort should welcome the opportunity to have their numerous claims for payment against GEICO adjudicated in a single forum, since the individual bills at issue in the underlying collection arbitrations are among the same bills that are at issue in the present case. However, as with the other Defendants in the present matter, Bayside, Yoo, and Lefcort are likely to continue filing collections lawsuits and arbitrations for no legitimate reason aside from continuing their efforts to collect on their outstanding fraudulent billing in forums where they know discovery is limited or non-existent.

Honorable Vera M. Scanlon
July 12, 2021
Page 3

In this context, courts have frequently issued stays of a defendant healthcare provider's no-fault collection arbitrations during the pendency of a plaintiff-insurer's fraud and racketeering action. See e.g., Gov't Employees Ins. Co. v. Zilberman, 2021 U.S. Dist. LEXIS 56721 (E.D.N.Y. 2021); Gov't Emples. Ins. Co. v. Beynin, 2021 U.S. Dist. LEXIS 57591 (E.D.N.Y. 2021); Gov't Emples. Ins. Co., v. Advanced Comprehensive Laboratory, LLC, 2020 U.S. Dist. LEXIS 224868 at * 27 (E.D.N.Y. 2020); Gov't Employees Ins. Co. v. Moshe, 2020 U.S. Dist. LEXIS 114100 (E.D.N.Y. 2020); Gov't Employees Ins. Co. v. Wellmart, Rx, Inc., 2020 U.S. Dist. LEXIS 7864, at * 30 (E.D.N.Y. 2020); Gov't Employees Ins. Co. v. Cean, 2019 U.S. Dist. LEXIS 203298 at * 11-12 (E.D.N.Y. 2019); State Farm Mut. Auto. Ins. Co. v. Parisien, 352 F. Supp. 3d 215, 233 (E.D.N.Y. 2018); Gov't Employees Ins. Co. v. Mayzenberg, 2018 U.S. Dist. LEXIS 195890 at * 13 (E.D.N.Y. 2018); Allstate Ins. Co. v. Elzanaty, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013); Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 879 F. Supp. 2d 243, 264 (E.D.N.Y. 2012); Gov't Employees Ins. Co. v. Strut, 2019 U.S. Dist. LEXIS 205801 at * 30 (W.D.N.Y Nov. 26, 2019); Gov't Employees Ins. Co. v. Strutsovskiy, 2017 U.S. Dist. LEXIS 178514 at * 5 (W.D.N.Y. 2017)(all staying and enjoining defendant healthcare providers' no-fault collections arbitration pending the disposition of plaintiff-insurers' fraud and racketeering actions). In addition, Courts within the Second Circuit have also enjoined defendant healthcare providers from commencing any new no-fault arbitration collection proceedings or state court collection cases during the pendency of a plaintiff-insurer's fraud and racketeering action. See e.g., Advanced Comprehensive at *27; Wellmart at * 29-30; Cean at *14; Mayzenberg at *19.

Indeed, and as noted above, this Court -- in this action -- already stayed and enjoined all of the other Defendants' collections proceedings. Docket No. 56, and July 29, 2020 Order.[2] The only reason Bayside is not a subject to Judge Vitaliano's previous stay in this action is because -- at the time -- Bayside and Yoo had not yet been named as Defendants in this case. However, the Court should stay and enjoin Bayside and Yoo's collections for the same reasons that Judge Vitaliano previously stayed and enjoined all of the other Defendants' collections proceedings.

First, multiple courts -- including this Court -- have concluded that, under analogous circumstances, wasting time and resources in arbitrations with awards that might eventually be, at best, inconsistent with judicial rulings and, at worst, essentially ineffective, constitute the irreparable harm necessary to support similar stays and injunctions. See e.g., Docket No. 56, and July 29, 2020 Order; see also Mayzenberg at * 14 - * 15; Parisien, 352 F. Supp. 3d at 233; Moshe at *3; Excel Imaging, 879 F. Supp. 2d at 264; Advanced at *15; Cean at *5.

Second, numerous courts have held that plaintiff-insurers in comparable cases demonstrated sufficiently serious questions going to the merits of the case, where -- as in the present case -- the

---

[2] Notably, this is not the only case in which Judge Vitaliano has granted stays of no-fault collections arbitration under analogous circumstances. See Government Employees Insurance Co. et al. v. Sheepshead Bay Medical Supply, Inc et al., E.D.N.Y. 18-cv-4039 (ENV)(RML) at Docket No. 31, p.10 (granting stay in analogous case, and noting that "courts in this district frequently stay arbitration pending ongoing litigation due to considerations of judicial economy, the possibility of inconsistent results, and the inferiority of arbitration as a means of resolving fraud claims.")

Honorable Vera M. Scanlon
July 12, 2021
Page 4

complaints adequately detailed a complicated scheme of fraudulent activity. See, e.g., Docket No. 56, and July 29, 2020 Order; see also Elzanaty (the plaintiff-insurers adequately demonstrated sufficiently serious questions going to the merits where they "detailed a complicated scheme of alleged fraudulent activity" in their complaint); Moshe (complaint demonstrated serious questions going to the merits where – as here – the complaint, detailed defendants' regulatory violations, unnecessary medical services, and unlawful referrals); Strut at * 6 (holding detailed allegations in GEICO's no-fault insurance fraud and racketeering complaint sufficient to raise serious questions going to the merits).

Third, Bayside and Yoo will not suffer any hardship if their right to collect on their pending billing is adjudicated in this single federal action, rather than in multitudinous proceedings with the prosect of varying outcomes. Under analogous circumstances, courts -- including this Court, in this case -- have concluded that the balance of hardships tip in the insurer's favor, considering that it would be most efficient to have the question resolved in a single action, and the defendants would be entitled to a high rate of statutory interest on their collections in the event they prevail. See, e.g., Docket No. 56, and July 29, 2020 Order; see also Elzanaty, 929 F. Supp. 2d at 222; Autoone Ins. Co. v. Manhattan Heights Med., P.C., 2009 NY Slip Op 51663(U), 24 Misc. 3d 1229(A), 899 N.Y.S.2d 57 (Sup. Ct.); Moshe, 2020 U.S. Dist. LEXIS 114100 at *7-8; Mayzenberg 2018 U.S. Dist. LEXIS 195890 at * 22-23; Parisien, 352 F. Supp. 3d at 234-235; Wellmart RX, 435 F. Supp. 3d at 455; Axial Chiro, Docket No. 56, pp. 18-19. Cean, 2019 U.S. Dist. LEXIS 203298 at *14; Elzanaty, 929 F. Supp. 2d at 222; Advanced, 2020 U.S. Dist. LEXIS 224868 at *23.

For the reasons set forth in this letter, GEICO respectfully requests that the Court issue the requested Order staying and enjoining Bayside and Yoo's collections proceedings pending the disposition of GEICO's claims in this action.

    Respectfully submitted,

    RIVKIN RADLER LLP
    */s/ Max Gershenoff*
    Max Gershenoff, Esq.

cc:   All counsel via ECF