# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, et al.,

                Plaintiffs,

   -against-

ALEXANDR ZAITSEV, M.D., et al.,

               Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-03495-FB-SJB

*Appearances:*
*For the Plaintiffs*:
MAX GERSHENOFF, ESQ.
BARRY I. LEVY, ESQ.
FRANK TISCIONE, ESQ.
COLLEEN O'NEIL, ESQ.
STEVEN HENESY, ESQ.
Rivkin Radler LLP
926 Rexcorp Plaza
Uniondale, NY 11556

*For the Defendants*:
MATTHEW J. CONROY, ESQ.
Schwartz, Conroy & Hack, P.C.
666 Old Country Road, Suite 900
Garden City, NY 11530

**BLOCK, Senior District Judge:**

      Plaintiffs (collectively "GEICO") bring this action against Alexandr Zaitsev, M.D., Metropolitan Interventional Medical Services, P.C., Anthony Benevenga, Charles G. Nicola, D.C., Ridgewood Diagnostic Laboratory, L.L.C., Tri-State Multi-Specialty Medical Services, P.C., Riverside Medical Services, P.C., Kristappa Sangavaram, M.D., Allan Weissman, M.D., Eugene Gorman, M.D.,

1

Bogdan Negrea, M.D., Antonio Ciccone, D.O., Stella Amanze, P.A., Frida Isakov, P.A., Lucknie Ovincy, P.A., Emily Bakerman, N.P., Melissa Evans, N.P., Mini Mathew, N.P., Angela Pullock, N.P., Linda Santa Maria, N.P., Rivka Weiss, N.P., Crosstown Medical, P.C., and William Focazio, M.D. GEICO alleges that defendants committed civil RICO violations, common law fraud, aiding and abetting fraud, unjust enrichment, and New Jersey Insurance Fraud Prevention Act violations. Additionally, GEICO seeks a declaratory judgement that defendants may not recover on any of the outstanding bills submitted to GEICO.

GEICO now moves for a preliminary injunction to (1) stay all of defendants' pending no-fault insurance collection arbitration against GEICO and (2) enjoin the defendants from commencing any new no-fault insurance collection arbitration or litigation against GEICO, "pending the disposition of GEICO's claims in this action." ECF No. 113-1 at 9.[1]

For the following reasons GEICO's motion is granted.

### I. Motion for Preliminary Injunction

In order to justify a preliminary injunction, the movant must establish "(1)

---

[1] Plaintiffs' motion to stay is only against Ridgewood Diagnostic Laboratory, L.L.C., Metropolitan Interventional Medical Services, P.C., Riverside Medical Services, P.C., Tri-State Multi-Specialty Medical Services, P.C., and affiliated physicians. *See* ECF No. 124. Defendant Allan Weissman was voluntarily dismissed on December 23, 2020. *See* ECF No. 80. Defendants Crosstown Medical and William Focazio settled with GEICO on March 22, 2021. *See* ECF No. 116.

2

either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183-84 (2d Cir. 2019) (internal citations and quotations omitted). "Likelihood of success is not the focus at the early stages of a case such as this, because any likelihood of success inquiry would be premature. Instead, the Court looks to whether there is a serious question going to the merits to make them a fair ground for trial." *Allstate Ins. Co. v. Elzanaty,* 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013). [2]

### A. Irreparable Harm

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.' " *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). "To establish irreparable harm, a party ... must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation."

---

[2] Defendants argue that the Federal Arbitration Act precludes this Court from granting a preliminary injunction. ECF No. 113-2 at 17. However, "courts have concluded that the FAA does not apply to no-fault insurance collections arbitrations." *Gov't Emps. Ins. Co. v. Moshe*, No. 120CV1098FBRER, 2020 WL 3503176, at *1 n.2 (E.D.N.Y. June 29, 2020) (citing *Gov't Emps. Ins. Co. v. Mayzenberg*, 2018 WL 6031156, at *4 (E.D.N.Y. Nov. 16, 2018); *State Farm v. Parisien*, 352 F. Supp. 3d 215, 233 (E.D.N.Y. 2018)).

3

*Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal citations omitted).

Courts in this Circuit have found, in analogous cases, that "[i]rreparable harm occur[ed] where 'an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action.'" *Gov't Emps. Ins. Co. v. Moshe*, No. 120CV1098FBRER, 2020 WL 3503176, at *1 (E.D.N.Y. June 29, 2020) (quoting *State Farm Mut. Auto. Ins. Co. v. Parisien*, 352 F. Supp. 3d 215, 233 (E.D.N.Y. 2018)); *see also Elzanaty*, 929 F. Supp. 2d at 222; *Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17-CV-2802, 2018 WL 6031156, at *5 (E.D.N.Y. Nov. 16, 2018); *Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443, 449–50 (E.D.N.Y. 2020), *appeal dismissed* (May 11, 2020) (collecting cases).

Defendants have at least 821 pending arbitrations against GEICO that present a risk of inconsistent judgments. This establishes irreparable harm.[3]

### B. Serious Question Going to the Merits

GEICO must demonstrate, at this stage, "sufficiently serious questions going

---

[3] Defendants cite *Allstate Ins. Co. v. Harvey Family Chiropractic*, 677 F. App'x 716 (2d Cir. 2017) in arguing that wasted time and resources do not constitute irreparable harm. ECF No. 113-2 at 25. "However, *Harvey* does not preclude granting an injunction to avoid inconsistent judgments." *Moshe*, 2020 WL 3503176, at *2 (citing *Wellmart RX, Inc.*, 435 F. Supp. 3d at 451 ("[T]he Second Circuit [in *Harvey*] said nothing of the risk of inconsistent judgments."); 2d Cir. Local R. 32.1.1(a) ("Rulings by summary order do not have precedential effect")).

4

to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in GEICO's favor. *Parisien*, 352 F. Supp. 3d at 234.

GEICO's complaint provides sufficiently detailed allegations of a complex scheme of fraudulent activity. The complaint alleges that the defendants (1) submitted charges to GEICO for healthcare services that were medically unnecessary and in some cases not even performed, (2) submitted bills and treatment reports that misrepresented and exaggerated the level and type of medical services provided, (3) provided the alleged fraudulent healthcare services pursuant to illegal kickback and self-referral arrangements, (4) performed some of the alleged fraudulent healthcare services via independent contractors and/or unsupervised nurse practitioners and physician assistants, and (5) misrepresented that they were in compliance with all relevant laws and regulations. Furthermore, these allegations are not conclusory since they are supported by detailed examples throughout the complaint. *See, e.g.*, ECF No. 1 at 39, 53, 61, 73, 79, 99 (citing specific patients and treatment dates); ECF 113-1 at 30–43 (affirmation of Dr. Weissman supporting GEICO's allegations). *See Gov't Emps. Ins. Co. v. Strut*, No. 19-CV-728 (JLS), 2020 WL 1820500, at *2 (W.D.N.Y. Apr. 10, 2020) (rejecting insufficient proof argument where complaint provided "numerous examples to support each of [GEICO's] fraud theories, citing specific patients, accident dates, and treatment dates.").

5

Numerous courts have found a "serious question going to the merits" under similar circumstances. *See Elzanaty*, 929 F. Supp. 2d at 222 (finding details regarding "a complicated scheme of alleged fraudulent activity" sufficient); *Parisien*, 352 F. Supp. 3d at 234 (same); *Wellmart RX, Inc.*, 435 F. Supp. 3d at 454–55 ("Collectively, the complaint's detailed allegations and exhibits…easily raise a serious question going to the merits of whether defendants were prescribing medically necessary treatments."); *Moshe*, 2020 WL 3503176, at *2; *Gov't Emps. Ins. Co. v. Cean*, No. 19CV2363PKCSMG, 2019 WL 6253804, at *5 (E.D.N.Y. Nov. 22, 2019).

Accordingly, GEICO has established a serious question going to the merits.

### C. Balance of Hardships

As the Court finds that there are "serious question[s] going to the merits," it must further inquire as to whether there is a "balance of hardships tipping decidedly" in plaintiffs' favor. *Parisien*, 352 F. Supp. 3d at 234.

The balance of hardships favors GEICO. First, "all parties will benefit from having the issue of fraudulent incorporation determined in one action." *Elzanaty*, 929 F. Supp. 2d at 222; *see also Cean*, 2019 WL 6253804, at *5 ("granting the stay and injunction will actually save all parties time and resources. Rather than adjudicating hundreds of individual claims in a piecemeal fashion, all claims can be efficiently and effectively dealt with in a single declaratory judgment action");

*Mayzenberg*, 2018 WL 6031156, at *7 ("it is obviously more efficient and beneficial for Defendants if all of their claims are resolved in one action, rather than in hundreds of different proceedings.")

Furthermore, defendants will not be disadvantaged if the stay is granted since they will be entitled to statutory interest on their unpaid claims should they ultimately prevail. *See Elzanaty*, 929 F. Supp. 2d at 222 ("[defendant] will benefit from the stay if it ultimately prevails in this matter, because it will be entitled to the collection of interest"); *see also Mayzenberg*, 2018 WL 6031156, at *7.

**D. Bond**

Rule 65(c) of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper." However, courts have "wide discretion to dispense with the bond requirement" when "there has been no proof of likelihood of harm." *Mayzenberg*, 2018 WL 6031156, at *10 (quoting *Donohue v. Mangano*, 886 F. Supp. 2d 126, 163 (E.D.N.Y. 2012)).

This Court agrees with GEICO that "the requested injunction will not cause Defendants any prejudice at all." ECF No. 113-1 at 25. As this Court has previously noted, "GEICO undoubtedly has the ability to pay if defendants prevail." *Moshe*, 2020 WL 3503176, at *4; *see also Wellmart RX, Inc.*, 435 F. Supp. 3d at 456 (waiving the security requirement in light of the "the lack of

7

prejudice to defendants resulting from a preliminary injunction"); *Mayzenberg*, 2018 WL 6031156, at *10 (not requiring security based on same considerations).

Accordingly, the security requirement is waived.

## CONCLUSION

GEICO's motion for a preliminary injunction is **GRANTED**. A preliminary injunction is issued (1) staying all of defendants' pending arbitrations against GEICO and (2) enjoining defendants from commencing new no-fault arbitrations and litigations against GEICO until resolution of the instant federal court action.

**SO ORDERED.**

                                           /S/ Frederic Block
                                           FREDERIC BLOCK
                                           Senior United States District Judge

Brooklyn, New York
July 27, 2021

8